William THOMAS, et al., Plaintiffs,

v.

Manuel LUJAN, et al., Defendants.

Civ. A. No. 92–537 (CRR).

United States District Court,
District of Columbia.

June 4, 1992.

William and Ellen Thomas, pro se.

Thomas Beckett of Klimaski, Miller & Smith, Washington, D.C., for plaintiffs.

Jay B. Stephens, U.S. Atty., District of Columbia, John Bates, and John Munich, Asst. U.S. Attys., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

Plaintiffs request this Court to reconsider its May 5, 1992 Order which dismissed the above-captioned case on the merits pursuant to Fed.R.Civ.P. 65(a). Although Plaintiffs do not present any new evidence, Plaintiffs contend that the Court erred as a matter of law in dismissing their First Amendment and Administrative Procedure Act claims.[1] Upon further review of the pleadings, the record herein, and the applicable law, the Court shall deny the Plaintiffs' Motion for Reconsideration.

Plaintiffs have not stated any grounds which would undermine the Court's decision with respect to the First Amendment claims. As the Court explained at the conclusion of the May 5, 1992 Hearing in this case, the storage regulation, codified at 36 C.F.R. § 7.96(j) (1992), does not impinge upon the Plaintiffs' First Amendment right to petition the government for redress of grievances by means of a 24–hour vigil. The District of Columbia Court of Appeals

---

1. Plaintiffs do not contest the Court's ruling dismissing the claims against the Park Police officers on the basis of qualified immunity.

has construed a "parcels" regulation,[2] very similar to the regulation at issue here, and upheld that regulation against· a First Amendment challenge. *See Juluke v. Hodel*, 811 F.2d 1553, 1559–1561 (D.C.Cir. 1987). *See also Clark v. Community for Creative Non–Violence*, 468 U.S. 288, 293, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984) (upholding camping regulation as valid time, place, and manner restriction).

■ In applying the law to the facts of this case, the Court must conclude that the storage regulation does not impermissibly regulate the freedom of speech. First, the storage regulation is content neutral; it applies to any individual, regardless of the individual's particular identity, message or walk in life. Contrary to Plaintiffs' claim, there is no support in the record that, in promulgating and enforcing this regulation, the National Park Service has singled out the Plaintiffs. This allegation does not suffice to strike down the regulation as a content-based restriction on speech. *See Juluke v. Hodel*, 811 F.2d at 1561. Second, the storage regulation does not preclude the Plaintiffs from engaging in their 24–hour vigil dedicated to peace and justice. Although Plaintiffs may well require blankets and other materials for their vigil, Plaintiffs are free to store any necessary materials elsewhere and have no cognizable right to use a public park on a twenty-four hour basis for such purposes. *See* 36 C.F.R. § 7.96(i) (prohibiting individuals from living in Lafayette Park); *Clark v. Community for Creative Non–Violence, supra.* Finally, it is beyond cavil that the protection of the national park resources, including protection of the aesthetic beauty of the park, is a significant governmental objective. *See, e.g., Clark v. Community for Creative Non–Violence*, 468 U.S. at 296, 104 S.Ct. at 3070 (government has a "substantial interest in maintaining the parks in the heart of our Capital in an attractive and intact condition"); *White House Vigil for the ERA Committee v. Clark*, 746 F.2d 1518, 1528 (D.C.Cir.1984).

■ The Plaintiffs also cannot establish that the storage regulations are arbitrary and capricious in violation of § 706(2)(A) of the Administrative Procedures Act. The parties agree that the Court may invalidate regulations promulgated after an informal rulemaking if the Court concludes that the agency failed to "examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.' " *Motor Vehicles Mfgrs. Ass'n v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983) (citations omitted). However, the Court cannot substitute its own judgment for that of the agency, *see, e.g., Motor Vehicles Mfgrs. Ass'n*, 463 U.S. at 43, 103 S.Ct. at 2867, and must consider the reasonableness of the agency's decision based upon the record before the agency at the time of the decision. *See, e.g., Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1972); *Wisconsin Electric Power Co. v. Costle*, 715 F.2d 323, 326–27 (7th Cir.1983) (citing, *National Assoc. of Demolition Contractors, Inc. v. Costle*, 565 F.2d 748, 752 (D.C.Cir.1977)).

■ Upon taking a hard look at the record before the agency, the Court finds that the agency had a sound basis for its decision which is adequately supported by the record. *See* 57 Fed.Reg. 4574 (Feb. 6, 1992) (the final rule and the agency's rationale). Although many people signed petitions and wrote letters in opposition to the storage regulation, the agency is not obligated to base its rulemaking purely on a tally of the number of letters it receives, especially when the agency's experience in handling complaints about the Park confirmed the agency's view of the need to protect the aesthetic concerns. *See State Farm Mut. Auto Ins. Co. v. Dole*, 802 F.2d 474, 488–489 (D.C.Cir.1986) (not arbitrary and capricious to ignore public opinion poll regarding the public willingness to use airbags in light of the record and the agency's expertise). Rather, the Court finds that

---

**2.** This regulation was codified at 36 C.F.R. § 50.19(e)(10) (1986). *See Juluke v. Hodel*, 811 F.2d 1553, 1555 n. 2 (D.C.Cir.1987).

the agency's own expertise, *see Clark v. Community for Creative Non–Violence,* 468 U.S. at 296–299, 104 S.Ct. at 3070–3072 (the courts should not "replace the Park Service as manager of the Nation's parks"), as well as the data presented to the agency during the course of the rule-making, justify the storage regulation.

As the agency explained in its statement accompanying the final rule, there have been numerous complaints over the years about the what some have considered to be an unsightly mess at Lafayette Park. *See* 57 Fed.Reg. at 4574–4575. Moreover, the administrative record before the agency contained numerous photographs of the condition of the Lafayette Park area, depicting large items covered by tarp, in what appeared to be a storage-like capacity. *See, e.g.,* Admin.Record, Vols. I–III. The agency also considered the impact that storage of such large items have on the sprinklers, grass and other facilities in the park, based upon its experience and as demonstrated in these photographs. *Id. See* 57 Fed.Reg. at 4575.[3] While the Plaintiffs may disagree with the agency's proposed solution to this problem, the Court must defer to the agency's experience in making cost-benefit determinations of this kind. *See, e.g., Office of Communications of the United Church of Christ v. FCC,* 707 F.2d 1413, 1440 (D.C.Cir.1983). Finally, the agency subjected its three cubic foot storage limitation to public comment and, in the face of the comments, adequately explained its reasoning for adopting this figure. *See* 57 Fed.Reg. at 4574–4575. While this particular limitation may inconvenience the Plaintiffs, the agency drew a sensible line, based upon the dimensions of a large duffel bag, and carefully considered the alternatives. *Id.* In short, the Court finds that the agency's storage regulation manifests a "rational connection between the facts found and the choice made" and therefore is not arbitrary and capricious.

---

3. Although there may be other causes of damage to the sprinklers and other facilities, such as police motorcycles on the grass, it does not appear that Plaintiffs presented this issue in the rulemaking proceeding. Under the arbitrary and capricious standard, the agency is merely

*State Farm Mut. Ins. Co., supra,* 463 U.S. at 43, 103 S.Ct. at 2866 (citation omitted).

Accordingly, it is, by this Court, this 4th day of June, 1992,

ORDERED that, for the reasons stated herein and for the reasons articulated at the May 5, 1992 Hearing, the Plaintiffs' Motion for Reconsideration shall be, and hereby is, DENIED.

obligated to consider all of the evidence presented during the rulemaking and to offer a reasoned basis for the rule in light of this record. *See* discussion, *supra.* Nothing precludes any interested party from requesting a rulemaking on this issue.